UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CARLINA GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-cv-01694-JAD-NJK |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| WYNDHAM VACATION OWNERSHIP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. On September 4, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis*. Docket No. 2. The Court found that Plaintiff's Complaint contained deficiencies, and dismissed it with leave to amend. *Id*. Plaintiff has now submitted an Amended Complaint. Docket No. 4. This proceeding was referred to this Court by Local Rule IB 1-9.

**I.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a Court screens the complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

1  essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d
2  719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the
3  claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*
4  *Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations,
5  it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause
6  of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286
7  (1986)). The court must accept as true all well-pled factual allegations contained in the complaint,
8  but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals
9  of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at
10 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to
11 plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se*
12 complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v.*
13 *Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings
14 is required after *Twombly* and *Iqbal*).[1]

15     **A.   Federal Question Jurisdiction**

16     Federal courts are courts of limited jurisdiction and possess only that power authorized by
17 the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C.
18 § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution,
19 laws, or treaties of the United States." Cases "arise under" federal law either when federal law
20 creates the cause of action or where the vindication of a right under state law necessarily turns on
21 the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89
22 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint
23 rule," which provides that "federal jurisdiction exists only when a federal question is presented on
24 the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386,
25 392 (1987).

26 . . . .

---

[1] Plaintiff submitted her first Complaint *pro se*. Docket No. 3. She is now represented by counsel. *See* Docket No. 4.

1    Plaintiff's amended complaint asserts discrimination and retaliation claims under Title VII
2 of the Civil Rights Act of 1964, the Americans with Disabilities Act, and corresponding Nevada
3 Revised Statutes. *See* Docket No. 4 at 1-2.  Claims under Title VII and the Americans with
4 Disabilities Act invoke the Court's federal jurisdiction, and the Court has supplemental jurisdiction
5 over the corresponding state law claims.

6    **B.    Plaintiff's Claims**

7    Having determined that federal-question jurisdiction exists under the well-pleaded complaint
8 rule, the Court now turns to the sufficiency of the factual allegations to state a claim. Plaintiff
9 brings, *inter alia*, claims for racial discrimination and retaliation in violation of Title VII of the Civil
10 Rights Act.  *See* 42 U.S.C. § 2000e et seq.  Title VII allows persons to sue an employer for
11 discrimination on the basis of race, color, religion, gender or national origin if he or she has
12 exhausted both state and Equal Employment Opportunity Commission (EEOC) administrative
13 procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges,
14 attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to
15 the Attorney General if the charges are against a state or local governmental entity.  *Id*.  If the EEOC
16 or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff,
17 the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with
18 the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the right to sue letter, plaintiff may sue
19 in federal or state court. *Id*.; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26,
20 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).  Here, Plaintiff has alleged in her Amended Complaint that
21 the EEOC issued a Notice of Suit Rights on June 10, 2015.  Docket No. 4 at 3.  Thus, it appears
22 Plaintiff has exhausted her administrative remedies.

23    To sufficiently allege a *prima facie* case of discrimination in violation of Title VII to survive
24 a § 1915 screening, Plaintiff must allege: (a) she belonged to a protected class; (b) she was qualified
25 for her job; (c) she was subjected to an adverse employment action; and (d) similarly situated
26 employees not in her protected class received more favorable treatment.  *See Shepard v. Marathon*
27 *Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447
28 F.3d 748, 753 (9th Cir. 2006)).  Plaintiff's amended complaint alleges that she is an African-

- 3 -

American female, that she began her employment on or about October 21, 2013, that she received positive performance reviews for her 90-day and six-month reviews, that she was discharged from employment on April 21, 2014, and that similarly situated non-African-American employees engaged in similar misconduct but were not discharged. *See* Docket No. 4 at 3-6. Plaintiff has, therefore, stated a racial discrimination claim against her employer.

To sufficiently allege a *prima facie* case of retaliation in violation of Title VII to survive a § 1915 screening, Plaintiff must allege: (1) that he or she committed a protected act, such as complaining about discriminatory practices; (2) that the employee suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See Jenkins v. Lab. Corp. Of Am.*, 2013 U.S. Dist. Lexis 118008, *5 (D. Nev. Aug. 20, 2013) (citing *Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008)). Here, Plaintiff alleges that she complained of discriminatory treatment, that his employment was thereafter terminated, and that the termination was retaliation for engaging in protected activity. *See* Docket No. 4 at 3-6. Plaintiff has, therefore, stated a retaliation claim against her employer.

Hence, Plaintiff has stated a claim for racial discrimination and retaliation under Title VII.[2]

## II. Conclusion

Based on the foregoing and good cause appearing, therefore,

**IT IS ORDERED** that:

1. Plaintiff may proceed on her Amended Complaint. Proof of service is due no later than January 6, 2016. Docket No. 4.

---

[2] When the Court screens a complaint, it does so without the benefit of an adversarial presentation. *Cf. Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (noting that screening "a complaint without benefit of an adversarial presentation is often an uncertain and time-consuming task"). Nothing in this order precludes Defendants from filing a motion to dismiss as to any claim brought by Plaintiff. *See, e.g., Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("the sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring").

Plaintiff additionally brings a claim for violation of the Americans with Disabilities Act, as well as corresponding state law claims. *See* Docket No. 4 at 7-12. The Court does not express any opinion as to any such claims. It is enough at the screening stage that the Court has determined that at least racial discrimination and retaliation claims have been stated. *See, e.g., Jenkins*, 2013 U.S. Dist. Lexis 11808, at *6 n.1.

2. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was served upon Defendant or counsel for Defendant. The Court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

Dated: September 9, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge